United States Court of Appeals
Fifth Circuit

**F I L E D**

July 8, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 03-30389
Consolidated with 03-30459

---

MARY MARTIN,

Plaintiff - Appellant,

VERSUS

BOYD GAMING CORP., doing business as Treasure Chest Casino MV;
TREASURE CHEST CASINO, LLC.,

Defendants - Appellees.

---

Appeals from the United States District Court
For the Eastern District of Louisiana

---

Before DAVIS, PRADO and PICKERING, Circuit Judges.

W. EUGENE DAVIS:

Mary Martin appeals the district court's order granting summary judgment to her employer, Boyd Gaming Corporation, dismissing Martin's Jones Act suit on the ground that she was not a seaman because the floating casino upon which she worked was not a vessel. We affirm.

I.

Mary Martin worked as a cocktail waitress on the TREASURE CHEST CASINO(TREASURE CHEST)from February 6, 1995 until October 7, 2001 when she slipped and fell in grease or cooking oil on the loading dock of the TREASURE CHEST. The TREASURE CHEST is a riverboat casino which was built in 1994 as a replica of a 19th Century paddle-wheel steamer. The TREASURE CHEST is approximately 213 feet in length, paddle-wheel driven, and carries a valid certificate of inspection from the United States Coast Guard. Before the 2001 Louisiana legislative session, the TREASURE CHEST conducted gaming cruises from September 1994 until March 31, 2001 on Lake Pontchartrain. During the 2001 legislative session, the Louisiana legislature abolished the cruise requirement for all riverboat casinos to take effect on April 1, 2001. Beginning April 1, 2001, approximately six months before plaintiff's injury, the TREASURE CHEST conducted gaming activities only while moored. After April 1, 2001 the TREASURE CHEST only moved from her mooring on Lake Pontchartrain on two occasions, in June 2002, to allow for maintenance dredging of her berth.

Relying primarily on Pavone v. Mississippi Riverboat Amusement Corp., 52 F.3d 560(5th Cir. 1995), the defendant moved for summary judgment on grounds that the TREASURE CHEST was not a "vessel in navigation" at the time of plaintiff's injury and plaintiff therefore lacked the employment related connection to a vessel to qualify as a Jones Act seaman. The district court agreed and

2

dismissed plaintiff's suit.

## II.

This case is controlled by <u>Pavone v. Mississippi Riverboat Amusement Corp.</u>, 52 F.3d 560 (5th Cir. 1995). In that case we considered whether the BILOXI BELLE - a 217 foot long floating gambling casino located on the Mississippi gulf coast and moored to shore by lines tied to sunken steel pylons - was a vessel in navigation. The owner of the BILOXI BELLE maintained a towing contract with a towing company to supply the equipment, facilities and expertise to tow the BILOXI BELLE to sheltered waters in the event threatening weather was forecast. The BILOXI BELLE was in fact towed to sheltered waters on at least one occasion when a hurricane threatened. The BILOXI BELLE never conducted gaming operations except in its stationery moored position.

Martin argues that <u>Pavone</u> does not control this case because, unlike the BILOXI BELLE, the TREASURE CHEST was designed and constructed as a vessel and sailed on Lake Pontchartrain for six years before the April 2001 legislation was enacted. We disagree. The rule has never been "once a vessel, always a vessel." Like the barge in <u>Ducrepont v. Baton Rouge Marine Enterprises, Inc.</u>, 877 F.2d 393(5th Cir. 1989), once the TREASURE CHEST was withdrawn from navigation so that transporting passengers, cargo or equipment on navigable water was no longer an important part of the business in which the craft was engaged, the craft was not a vessel. *See also*,

3

Manuel v. P.A.W. Drilling & Well Service, Inc., 135 F.3d 344, 347(5th Cir. 1998). Applying these principles to the summary judgment evidence in this case, it is clear the TREASURE CHEST had no transportation function in the performance of its function as a gambling casino. After April 1, 2001, the TREASURE CHEST was securely moored during all gaming activity conducted by her customers.

The district court correctly concluded that Pavone controls this case and correctly granted summary judgment.[1]

AFFIRMED.

---

[1]As part of its memorandum in opposition to defendant's summary judgment motion, plaintiff moved to amend her complaint to assert a claim against the employer under the general maritime law. The district court correctly denied that motion as futile. We agree with the district court that because the TREASURE CHEST is not a vessel in navigation under the Jones Act it is likewise not a vessel under the general maritime law foreclosing either a general maritime law claim or a §905(b) claim. *See* Ducrepont v. Baton Rouge Marine Enterprises, Inc., 877 F.2d 393,396(5th Cir. 1989). *See also*, Boomtown Belle Casino v. Bazar, 313 F.3d 300,304(5th Cir. 2002).